UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of

SGS SOCIÉTÉ GÉNÉRALE DE SURVEILLANCE
S.A.,

           Petitioner,

      - against -

THE REPUBLIC OF PARAGUAY,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

13 CV 4122

Civil Action No.

## PETITON FOR RECOGNITION AND ENTRY OF ICSID AWARD AS JUDGMENT

        Petitioner SGS Société Générale de Surveillance S.A. ("<u>SGS</u>"), by its attorneys White & Case LLP, hereby alleges, with knowledge as to its own acts and upon information and belief as to the acts of others:

### INTRODUCTION

    1.    SGS respectfully seeks the recognition and entry as judgment of the binding Arbitral Award (the "<u>Award</u>") issued in its favor and against the Republic of Paraguay ("<u>Paraguay</u>"), which was rendered on February 10, 2012 pursuant to Chapter IV of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "<u>ICSID Convention</u>") in the ICSID Case No. ARB/07/29, held under the auspices of the International Centre for Settlement of Investment Disputes ("<u>ICSID</u>").  A true and correct copy of the Award, certified by ICSID's Secretary-General, is attached as Exhibit A to the supporting Affidavit of Robert E. Tiedemann, dated June 14, 2013 (the "<u>Affidavit</u>" or "<u>Aff.</u>").

2.      For the reasons discussed below, pursuant to 22 USC § 1650a and Article 54 of the ICSID Convention, the Award is entitled to recognition and entry as if it were a final judgment of a court of general jurisdiction of one of the several States.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330, 22 U.S.C. § 1650a, and the ICSID Convention.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and (f).

## PARTIES

5.      Petitioner SGS is incorporated under the laws of Switzerland.

6.      Respondent is the Republic of Paraguay.

## BACKGROUND FACTS

**A.      ICSID and the ICSID Convention**

7.      ICSID is headquartered in Washington, D.C. and is an autonomous international institution within the framework of the World Bank.  The ICSID Convention is a multilateral treaty that has been ratified by nearly 150 Contracting States, including the United States and Paraguay.  *See* ICSID's Website – Member States section.  ICSID was established by the ICSID Convention and offers a neutral forum for the resolution of international disputes between private investors and foreign States by offering "facilities for conciliation and arbitration of investment disputes between Contracting States and nationals of other Contracting States."  Aff. Ex. B, ICSID Convention, Article 1(2).

8.      ICSID arbitrations are conducted by arbitral tribunals appointed pursuant to the ICSID Convention and the ICSID Rules of Procedure for Arbitration Proceedings (the "ICSID Arbitration Rules").  *See* Aff. Ex. B, ICSID Convention, Articles 37-40.  In accordance with

NEW YORK 8870262 v2

Article 53(1) of the ICSID Convention, ICSID arbitral awards are binding on the parties to the dispute, and "[e]ach party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention." Aff. Ex. B.  In accordance with the same provision, ICSID awards cannot be subject to any appeal or remedy other than within ICSID's internal appeals process and solely upon the limited grounds provided in Articles 50, 51 and 52 of the ICSID Convention. *Id.* Contracting States are obliged under Article 54(1) of the ICSID Convention to "recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." *Id.*

**B.      The Dispute and the Award**

9.      On May 6, 1996, SGS and Paraguay's Ministry of Finance entered into a Contract for Technical Services Involving Pre-Shipment Inspection of Imports (the "Contract").  Aff. Ex. A, Award, ¶ 26.  As a result of acts and omissions by Paraguay in connection with said Contract that violated the separate 1992 Agreement on the Promotion and Reciprocal Protection of Investments between Switzerland and Paraguay (the "BIT" or "Treaty"), SGS filed a request for arbitration against Paraguay with ICSID on or about October 16, 2007.  Aff. Ex. A, Award, ¶ 1. SGS's request for arbitration was made in accordance with Article 9 of the BIT, the ICSID Convention, the ICSID Rules of Procedure of the Institution of Conciliation and Arbitration Proceedings, and the ICSID Arbitration Rules.  Paraguay consented to the submission of the dispute to ICSID arbitration pursuant to Article 9 of the BIT.[1]

---

[1]      *See* Aff. Ex. C, Promotion and Reciprocal Protection of Investments between Switzerland and Paraguay.

10.     SGS and Paraguay appointed one arbitrator each, and the Chairman of the ICSID Administrative Council appointed the presiding arbitrator, as provided by the ICSID Convention and in the ICSID Arbitration Rules. *See* Aff. Ex. A, Award (Decision on Jurisdiction) ¶¶ 5-8.[2] No objections were raised by either party as to any of the appointed arbitrators, and a three-member arbitral tribunal composed of distinguished arbitrators was constituted on May 28, 2007 (the "Tribunal").     Aff. Ex. A, Award (Decision on Jurisdiction) ¶¶ 6-9.     The parties acknowledged the proper constitution of the Tribunal in accordance with the ICSID Convention and Arbitration Rules during a session of the Tribunal held on June 30, 2008. Aff. Ex. A, Award (Decision on Jurisdiction) ¶ 13. At that session, the parties also agreed that the arbitration would be divided into jurisdiction and merits phases. Aff. Ex. A, Award (Decision on Jurisdiction) ¶ 14.

11.     In the initial phase, Paraguay raised certain objections to the Tribunal's jurisdiction. The parties addressed the jurisdictional issues in three sets of written pre-hearing submissions by Paraguay and two written pre-hearing submissions by SGS. Aff. Ex. A, Award (Decision on Jurisdiction) ¶¶ 10-12, 15-16. On April 6, 2009, the Tribunal held a hearing on jurisdiction in Washington, D.C. Aff. Ex. A, Award (Decision on Jurisdiction) ¶¶ 19-21. Each party thereafter submitted a written post-hearing submission. Aff. Ex. A, Award (Decision on Jurisdiction) ¶ 22. Upon deliberation and in consideration of the parties' written submissions and oral arguments, on February 12, 2010 the Tribunal rendered the Decision on Jurisdiction, by which the Tribunal upheld jurisdiction over SGS's claims, declared SGS's claims admissible, and rejected Paraguay's objections as follows:

189. For the reasons set out above, the Tribunal decides as follows:

---

[2]     The Decision on Jurisdiction dated February 12, 2010 was incorporated into the Award and appears after page 57 of the Award in Exhibit A to the Affidavit.

4

- The Tribunal has jurisdiction to decide Claimant's claims under Articles 4(1), 4(2) and 11 of the Treaty. Respondent's objections to jurisdiction are dismissed.

- The Tribunal's determination on the Parties' costs is reserved until the conclusion of the proceedings.

190. The Parties are instructed to confer and seek to reach agreement on a schedule for the merits proceedings, and to report to the Tribunal thereon within 30 days following the issuance of this Decision.

Aff. Ex. A, Award, ¶¶ 15, 71, Award (Decision on Jurisdiction) ¶¶ 189-190.

12.    During the subsequent merits phase, each party submitted two written submissions, and SGS submitted three witness statements by two different witnesses. Aff. Ex. A, Award, ¶¶ 17-19. On May 4 and 5, 2011, the Tribunal convened a hearing on the merits at which SGS's two witnesses testified and were made available for cross-examination by counsel for Paraguay and questioning by the Tribunal. Aff. Ex. A, Award, ¶¶ 20-23. At the request of the presiding arbitrator, the parties presented written submissions on costs on July 1, 2011, and the Tribunal closed the proceedings on January 24, 2012. Aff. Ex. A, Award, ¶¶ 24-25. Having deliberated and considered the parties' written and oral arguments, on February 10, 2012 the Tribunal unanimously rendered the Award, finding Paraguay liable for breaching the BIT and ordering Paraguay to pay damages and part of the costs to SGS. In relevant part, the Award provides as follows:

193. On the basis of the foregoing, the Tribunal:

194. Finds that Respondent has breached its obligations under Article 11 of the BIT by failing to guarantee the observance of the commitments it has entered into with respect to Claimant's investment;

195. Finds that it does not need to resolve Claimant's claim that Respondent's failure to fulfill its alleged extra-contractual promises of payment constituted an additional breach of Article 11 of the BIT because (i) those claims ultimately derive from the same set of facts and commitments that gave rise to the Tribunal's conclusion that Respondent breached Article 11 of the BIT by failing to guarantee the observance of the contractual commitments it has entered into with respect to

5

Claimant and (ii) even if the Tribunal were to find an additional breach of the BIT due to Respondent's alleged failure to fulfill its extra-contractual promises, the finding would not affect the quantum of damages;

196. Finds that it does not need to resolve Claimant's claims that Respondent breached Articles 4(1) and 4(2) of the BIT because (i) such claims ultimately derive from the same set of facts and contractual commitments that gave rise to the Tribunal's conclusion that Respondent breached Article 11 of the BIT by failing to guarantee the observance of the contractual commitments it has entered into with respect to Claimant's investment and (ii) even if the Tribunal were to find an additional breach of Articles 4(1) and 4(2) of the BIT, the finding would not affect the quantum of damages;

197. Awards Claimant US$ 39,025,950.86 plus interest at the U.S. dollar 30-day LIBOR rate average plus one percentage point beginning on 1 July 1999 until the date of payment; and

198. Awards Claimant one-half of the amount of US$ 673,923.28, which is the total amount of the costs of the arbitration.

Aff. Ex. A, Award ¶¶ 193-198.

## C.    The Events Following the Award

13.    On June 7, 2012, ICSID received from Paraguay an application for annulment of the Award and a request for stay of the enforcement of the Award, pursuant to Article 52 of the ICSID Convention and Rules 50 and 54 of the ICSID Arbitration Rules. Aff. Ex. D, *Ad Hoc* Committee Decision on Paraguay's Request for the Continued Stay of Enforcement of the Award, ¶ 3. On June 8, 2012, ICSID registered Paraguay's application and notified the parties that enforcement of the Award was provisionally stayed under Rule 54(2) of the ICSID Arbitration Rules. Aff. Ex. D, ¶ 4.

14.    On June 25, 2012, pursuant to Rule 54(2) of the ICSID Arbitration Rules, SGS requested that the *Ad Hoc* Committee decide, within 30 days of the date of its constitution, whether the provisional stay of enforcement of the Award should be continued, opposed the continuation of the stay and, alternatively, requested that Paraguay be ordered to post a bond in the event of a continuing stay. Aff. Ex. D, ¶ 5.

6

15.     Following written submissions filed by both parties, on March 22, 2013 the *Ad Hoc* Committee issued its Decision on Paraguay's Request for the Continued Stay of Enforcement, rejecting Paraguay's request and immediately terminating the stay of enforcement of the Award:

> 110. The *Ad Hoc* Committee hereby:
>
> (a)     Rejects Paraguay's request for the continued stay of the enforcement of the Award rendered on February 10, 2012 whose annulment was requested by Paraguay;
>
> (b)     Declares that the provisional stay granted by the Secretary-General is terminated as of the date hereof;
>
> (c)     Decides that it will rule on the allocation of costs and expenses in its decision on the annulment of the Award.

Aff. Ex. D, ¶ 110.

## D.     The ICSID Convention Requires That The Award Be Recognized And Entered As A Judgment Of This Court

16.     The Award is governed by the ICSID Convention, to which the United States is a member State.   Chapter IV, Section 6 of the ICSID Convention addresses the "Recognition and Enforcement of the Award."   Articles 53(1) and 54(1), in particular, read as follows:

> Article 53(1).   The award shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention.   Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.
>
> Article 54(1).   Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State.    A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such

7

courts shall treat the award as if it were a final judgment of the courts of a constituent state.[3]

17.     The United States has implemented the provisions of the ICSID Convention on the recognition and enforcement of ICSD awards through 22 U.S.C. § 1650a.  22 U.S.C. §1650a(a) provides that an ICSID award "shall create a right arising under a treaty of the United States" and that "[t]he pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."  In addition, that provision expressly excludes application of the Federal Arbitration Act (9 U.S.C. 1 *et seq.*) to the enforcement of ICSID awards, and, as a result, ICSID awards are not subject to review under the Federal Arbitration Act.  Furthermore, under 22 U.S.C. § 1650a(b) "[t]he district courts of the United States ... shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy."

18.     The Award provides, *inter alia*, that Paraguay owes SGS the principal amount of US $39,025,950.86, plus interest at the U.S. dollar 30-day LIBOR rate average plus one percentage point beginning on July 1, 1999 until the date of payment.  The amount of such interest though April 30, 2013 totals US $19,500,237.87.  *See* Aff. Ex. E.  In addition, SGS was awarded US $336,961.64, which represents one-half the total amount of the costs of arbitration.  Aff. Ex. A, Award ¶¶ 197-198.

19.     ICSID's Secretary-General dispatched certified copies of the Award pursuant to Article 49 of the ICSID Convention, Paraguay is required to comply with the Award pursuant to Article 53 of the ICSID Convention, and the United States is obligated to recognize and enforce the Award pursuant to Article 54 of the ICSID Convention.

---

[3]     Aff. Ex. B, ICSID Convention.

8

20.     In addition, in support of this Petition SGS has submitted the Affidavit stating that (i) the Award was not obtained by default in appearance or by confession, (ii) the Award remains unsatisfied in whole, (iii) the amount due by Paraguay, (iv) the enforcement of the Award is not stayed, and the ICSID *Ad Hoc* Committee rejected Paraguay's request for the continued stay of the enforcement of the Award by Decision dated March 22, 2013, and (v) Paraguay's last known address. *See* Aff. ¶¶ 3-4.[4]   Accordingly, SGS is in compliance with Article 54(2) of the ICSID Convention and is entitled to immediate recognition and enforcement of the Award in accordance with the Articles 53 and 54 of Chapter IV the ICSID Convention, as implemented in the United States by 22 U.S.C. § 1650a.

## COUNT I
## Recognition and Entry Of The Award

21.     SGS repeats and realleges the allegations contained in paragraphs 1 to 20 as if fully set forth herein.

22.     The United States, Switzerland and Paraguay are signatories to the ICSID Convention.   Awards issued pursuant to the ICSID Convention are subject to automatic recognition and enforcement in the United States under 22 U.S.C. §1650a.

23.     The Award under the ICSID Convention has been issued in SGS's favor.

24.     SGS seeks recognition and enforcement of the Award as a money judgment of this Court.

---

[4]   *See also* Aff. Ex. B, ICSID Convention, Article 54(2): "A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. Each Contracting State shall notify the Secretary-General of the designation of the competent court or other authority for this purpose and of any subsequent change in such designation."

9

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner SGS respectfully requests the following relief: (i) an order

recognizing the Award as a judgment of this Court in the amounts set forth therein; (ii) costs

incurred in the recognition and enforcement proceeding, including reasonable attorneys' fees and

disbursements, (iii) post-judgment interest; and (iv) such other and further relief as the Court

may deem just and proper.

Dated:   New York, New York
June 14, 2013

WHITE & CASE LLP

By: _____
Paul Friedland (PF-5575)
Robert Tiedemann (RT-6126)
1155 Avenue of the Americas
New York, New York  10036
(212) 819-8200

Attorneys for Petitioner SGS Société
Générale de Surveillance S.A.

10